**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**MARYLU CZULEWICZ,**

        **Plaintiff,**

**-vs-**                                               **Case No. 2:06-cv-576-FtM-34DNF**

**TOWN OF FORT MYERS BEACH,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**   **MOTION TO AMEND COMPLAINT TO ADD ADDITIONAL COUNT (Doc. No. 17)**
>
> **FILED:**     July 9, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Plaintiff, Marylu Czulewicz is requesting leave to amend her Complaint to add a claim for a procedural due process violation. The Defendant, Town of Fort Myers Beach filed a Memorandum of Law in Opposition (Doc. 18) opposing the request for leave to amend. The Defendant argues that the Motion for Leave to Amend Complaint was not timely filed, and the Defendant would be prejudiced if an additional claim is added at this late date.

In the Complaint (Doc. 2), the Plaintiff requests a declaratory judgment setting aside a decision of the Town Counsel for the Defendant regarding a rezoning decision of property owned by the

Plaintiff located in the Town of Fort Myers Beach. The Plaintiff also alleges that her substantive due process rights were violated due to the rezoning of her property. The Plaintiff requests leave to add a claim for a procedural due process violation. The Plaintiff alleges that notice of the public hearing regarding the zoning changes was not sent to the Plaintiff personally, rather it was allegedly published in the local newspaper only.

The Scheduling Order in this case controls the course of action unless modified. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). To modify a Scheduling Order, a party must show good cause, and the party must show that despite the party's diligence the deadline could not be met. *Id.*, citing Fed.R.Civ.P. 16. If the court finds that the party lacked due diligence, then the inquiry into good cause is ended. *Lord v. Fairway Electric Corp.*, 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002). The Eleventh Circuit found three factors to consider in assessing diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Id.*, citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d at 1418.

The Plaintiff argues that she was unable to obtain facts in support of her procedural due process claim until recently. The Plaintiff alleges that a resolution of the Local Planning Agency was passed on April 18, 2006, which stated that the public hearing regarding the rezoning was "legally advertised." (See, Doc. 17, p. 1). In January 23, 2007, the Plaintiff served the Defendant with a Request to Produce requesting documents supporting the issue that proper notice regarding the rezoning hearing was provided. (See, Doc. 17, p. 1). The Defendant provided copies of the notice as published in the local newspapers, but did not provide any documents evidencing that the Plaintiff was provided notice

individually. (See, Doc. 17, p. 1-2). On April 18, 2007, the Plaintiff obtained the zoning maps for the Town of Fort Myers Beach, and the Plaintiff alleges that less than 10 acres were rezoned and therefore, the Plaintiff was entitled to individual notice of the public hearing. (See, Doc. 17, p. 2).

The Defendant argues that the Plaintiff has known that she did not receive individual notice of the public hearing from the outset of the case. The Court agrees that the Plaintiff has been able to assert that she did not receive individual notice of the public hearing at the time the Complaint was filed. She did not need to wait to receive any discovery from the Defendant regarding this issue to know that she had not received any notice. The Defendant also argues that even if the Plaintiff learned for the first time from the Defendant's discovery responses which were served on March 1, 2007, that she did not receive individual notice, she still waited over four months to request leave to amend. Again, the Court must agree with the Defendant's argument. Further, the Defendant asserts that the rezoning maps which the Plaintiff obtained on April 18, 2007, were published in the local newspapers at various times and are available online and at the Town Hall. The Plaintiff did not need to wait for the Defendant's discovery responses to obtain the rezoning maps.

The Court determines that the Plaintiff failed to ascertain facts prior to filing the complaint and failed to acquire information during the discovery period regarding the issue of a procedural due process violation. She knew from the outset of the case that she had not received any individual notice of the public hearing and this information was available to her. Further, even after obtaining certain discovery in March and April 2007 which allegedly supported her claim, she waited until July 2007 to request leave to amend.

The Case Management and Scheduling Order (Doc. 12) was entered on December 29, 2006. The deadline to amend pleadings was February 15, 2007. In addition, the discovery deadline was July

15, 2007, and the dispositive motions deadline was August 1, 2007. This case is set for a Final Pretrial Conference on November 19, 2007, with a trial term of December 2007. The discovery deadline, dispositive motion deadline, the Final Pretrial Conference, and the trial would have to be moved to accommodate the Plaintiff filing a new claim for a procedural due process violation. The Court will not delay this case. The Plaintiff has failed to show good cause that she could not have met the deadline to amend pleadings. It is respectfully recommended that the Motion to Amend Complaint to Add Additional Count (Doc. 17) be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __15th__ day of August, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record